UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-20147-Civ-COOKE

TIMOTHY WOODS,

    Plaintiff,

vs.

NORTHSIDE FLEA MARKET,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* and DISMISSING COMPLAINT

THIS MATTER is before me on *pro se* Plaintiff Timothy Woods' Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3). I have reviewed the Motion, Woods' Complaint (ECF No. 1), and the relevant legal authorities. For the reasons that follow, I deny the motion.

## BACKGROUND

Woods filed this action against the Northside Flea Market ("Market") on January 12, 2018. (ECF No. 1). Woods performed work for a restaurant owner in the Market in August 2017. (*Id.* at 1-2). He alleges that on at least one occasion, the Market's security guards discriminated against him by treating him rudely and calling him a racial slur. (*Id.*).

## LEGAL STANDARD FOR *IN FORMA PAUPERIS* CASES

A court shall dismiss an *in forma pauperis* case "at any time if the court determines that . . . the action . . . is frivolous or . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). A pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). The facts pleaded in a complaint must state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, the "short and plain statement of the claim" in the complaint must be sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998). However, the leniency shown to *pro se* litigants "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citation omitted), *overruled on other grounds*, as recognized by *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.*, 399 Fed. Appx. 563, 565 (11th Cir. 2010) (unpublished) (citations omitted).

## DISCUSSION

Woods' Complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)-(2). As a threshold matter, it appears from the Complaint that Woods worked for the owner of a restaurant in the Market, not for the Market itself. Woods' employment discrimination claim against the Market is therefore implausible on its face. *See Iqbal,* 556 U.S. at 678. The Complaint also does not include a short and plain statement of the grounds for this Court's jurisdiction. *See* Fed. R. Civ. P 8(a)(1)*.* Finally, Woods seeks $5,000,000.00 in damages, an amount that, without further detail, strikes the Court as frivolous.

In short, the Complaint does not provide the Market fair notice of the claims against it and the grounds upon which they rest. *See, e.g.*, *Brooks v. Jenne*, 2005 WL 5488060, at *2 (S.D. Fla. 2005).

## CONCLUSION

It is therefore **ORDERED and ADJUDGED** that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 3) is **DENIED**. Plaintiff's Complaint is **DISMISSED** *without prejudice*, meaning that Woods has leave to file an amended complaint if, *and only if*, he is able to allege facts that cure the pleading deficiencies outlined above. The Clerk of Court shall **CLOSE** this matter. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in chambers, at Miami, Florida, this 22nd day of January 2018.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:

*Timothy Woods,* pro se
*16202 N.W. 38th Place*
*Opa-Locka, FL 33054*